Rosario Longo, as Administrator, etc., of Joseph Longo, Deceased, Respondent, v. The Board of Education of the City of New York, Appellant.— Judgment reversed on the law, with costs, and the complaint dismissed, with costs. The movable basketball backstop upon which the deceased climbed and which he toppled over was not inherently dangerous. It was a type commonly possessed and used. Its possession and use by the defendant, there being no defect in it, breached no duty to the deceased on either the theory of negligence or nuisance. It obviously was not to be used for climbing purposes and defendant was not required to anticipate it would be so used by one who had been forbidden to enter the gymnasium in which it was located and who, therefore, was a trespasser. The failure to exclude decedent from the gymnasium by locking the door was an act of omission by a teacher or similar employee, for which omission the defendant may not be held liable. A similar view must be taken of the fact that the apparatus was not bolted to the floor by a teacher or employee. The apparatus was in completed condition for such fastening if its retention in one place was desired. The bolts (which apparently were not screw bolts) were intended to arrest lateral movement which would take place upon pressure exerted upon the side of the apparatus because of the casters under it, placed there to enable its movement to and from the place marked upon the floor in connection with its use in a basketball game. Accordingly a *prima facie* case in negligence or nuisance was not established. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

Manor Realty Company, Respondent, v. Harry Koeppel and Others, Defendants; Abraham Lipsky and Samuel Rosenthal, Appellants.— Judgment modified by limiting the amount due for principal on plaintiff's mortgage as to parcel No. 1 to the sum of $3,500, and as so modified affirmed, in so far as appealed from, without costs. In our opinion, the plaintiff's letter of September 7, 1929, delivered to appellants' attorney, Goodman, by the mortgagor, Koeppel, by which plaintiff agreed to allocate the balance of $9,500 principal due on its mortgage between parcels Nos. 1 and 6 as follows: $3,500 upon parcel No. 1 and $6,000 upon parcel No. 6, operated as an estoppel, and plaintiff is not now entitled to a mortgage lien on parcel No. 1 in excess of $3,500 for principal. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions to sustain this decision will be made. Young, Carswell and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial; Davis, J., dissents and votes for affirmance. Settle order on notice.